[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-13519
Non-Argument Calendar

_____

BIA No. A78-743-348

RASHID SUKHERA,

                                        Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                        Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

(June 2, 2005)

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Before us is a petition for review brought by Rashid Sukhera, a Pakistani national. He asks us to review the final order of the Board of Immigration Appeals ("BIA"), which affirmed an Immigration Judge ("IJ") decision to deny his motion

to reopen his removal proceedings and allow him to adjust his status. Sukhera contends, first, that the BIA erred in denying his motion to reopen on the basis that he was statutorily ineligible to adjust his status. He maintains that he should have been considered "grandfathered" into the United States because he is the beneficiary of a labor certification application that was filed before April 30, 2001, and was "approvable when filed." Second, Sukhera contends that we should continue his removal proceedings until his pending immigration petition for alien worker is processed.

Because petitioner's removal proceedings commenced after April 1, 1997, the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996) ("IIRIRA"), this case is governed by the permanent provisions of the Immigration and Nationality Act ("INA"), as amended by IIRIRA. See Antipova v. U.S. Attorney Gen., 392 F.3d 1259, 1264 (11th Cir. 2004).

Before we can proceed to the merits of Sukhera's petition, we "must first consider whether we have subject matter jurisdiction to hear the petition at all." Resendiz-Alcaraz v. U.S. Attorney Gen., 383 F.3d 1262, 1266 (11th Cir. 2004). The permanent rules provide that, with certain exceptions, "[j]udicial review of a final order of removal . . . is governed only by" the Hobbs Act's procedures for appellate review of agency decisions. 8 U.S.C. § 1252(a)(1); INS v. St. Cyr, 533

2

U.S. 289, 311, 121 S.Ct. 2271, 2285, 150 L.Ed.2d 347 (2001).

According to the immigration statutes, a nonimmigrant can adjust his status to legal permanent resident status, if

> (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

INA § 245(a); 8 U.S.C. § 1255(a).  Pursuant to 8 U.S.C. § 1252(a):

> Notwithstanding any other provision of law, no court shall have jurisdiction to review-
>
> (i)      any judgment regarding the granting of relief **under** section 1182(h), 1182(i), 1229b, 1229c, or **1255** of this title, or
>
> (ii)     any other decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General, other than the granting of relief under section 1158(a) of this title.

INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B) (emphasis added).  "[T]hat section precludes appellate review of discretionary decisions, but does not preclude review of non-discretionary legal decisions that pertain to statutory eligibility for discretionary relief."  Gonzalez-Oropeza, 321 F.3d at 1332.  When our review is limited by one of § 1252's jurisdiction-stripping provisions, our "jurisdiction to entertain an attack on that order mounted through filing of a motion to reopen" also is curtailed.  Patel v. U.S. Attorney Gen., 334 F.3d 1259, 1262 (11th Cir. 2003).

Although we have not yet addressed the scope of our jurisdiction over the

3

denial of a motion to reopen to adjust status under IIRIRA's permanent rules, other circuits have. Both the Eighth and Ninth Circuits have held that they retained jurisdiction over a petition for review of the denial of a motion to reopen removal proceedings for discretionary relief because the IJ never ruled on the discretionary relief sought during the underlying removal hearing. See Guerra-Soto v. Ashcroft, 397 F.3d 637, 639-40 (8th Cir. 2005) (holding that "[s]ection 1252(a)(2)(B)(i) would have prohibited our review only if the case had been reopened, and discretionary relief had actually been denied. This case never got that far, and thus we have jurisdiction to review the BIA's decision for an abuse of discretion"); Medina-Morales v. Ashcroft, 371 F.3d 520, 526-27 (9th Cir. 2004) (holding that the court retained jurisdiction over the petition for review because the alien abandoned his original request for adjustment of status and accepted voluntary departure, the IJ never ruled on the petition for adjustment of status, and therefore, the petitioner was challenging the denial of the motion to reopen, not the denial of an adjustment of status application). Similarly, the Fifth Circuit has held that it lacked jurisdiction over a petition for review of the denial of the petitioner's motion to reopen, pursuant to INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B), because the BIA, in its final order of removal, denied the discretionary relief sought, and the Court would have lacked jurisdiction over a direct petition from the BIA's final removal order. Assaad v. Ashcroft, 378 F.3d 471, 474-75 (5th Cir. 2004).

4

Because Sukhera is petitioning for review of the denial of his motion to reopen rather than a denial of his request to adjust his status and the BIA denied the motion on the non-discretionary basis of statutory ineligibility, the jurisdiction-stripping provision of INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i), is not implicated. We turn, then, to the denial of petitioner's motion to reopen.

We review the denial of such motion for abuse of discretion. Lonyem v. U.S. Attorney Gen., 352 F.3d 1338, 1340 (11th Cir. 2003). "Where the denial rests on a conclusion that the alien is statutorily ineligible for the relief he seeks, however, the BIA's decision is also subject to review for errors of law." Liu v. INS, 645 F.2d 279, 283 (5th Cir. May 15, 1981) (pre-IIRIRA). Judicial review of a denial of a motion to reopen in deportation proceedings is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (quotation omitted). The BIA abuses its discretion when its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." Mickeviciute v. INS, 327 F.3d 1159, 1162 (10th Cir. 2003) (quotation omitted). Motions to reopen are disfavored, especially in a removal proceeding, "where, as a general matter, every delay works to the advantage of the

5

deportable alien who wishes merely to remain in the United States." INS v.

Doherty, 502 U.S. 314, 323, 112 S.Ct. 719, 724-25, 116 L.Ed.2d 823 (1992).

Under 8 C.F.R. § 1003.23(b)(1), an IJ can reopen "any case in which he or

she has made a decision, unless jurisdiction is vested" with the BIA.

> [T]here are at least three independent grounds upon which the [BIA] may deny a motion to reopen: 1) failure to establish a prima facie case; 2) failure to introduce evidence that was material and previously unavailable; and 3) a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion.

Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001).

An eligible alien can apply to adjust his status to that of a permanent resident

and be considered "grandfathered" into the United States, if he is the "beneficiary"

of an application for labor certification that was properly filed by April 30, 2001,

and was "approvable when filed." INA § 245(i)(1), 8 U.S.C. § 1255(i)(1); 8 C.F.R.

§ 245.10(a)(1)(i)(B). "Approvable when filed means that, as of the date of the

filing," the application for labor certification was "properly filed, meritorious in

fact, and non-frivolous . . . ." 8 C.F.R. § 245.10(a)(3). "A labor certification

involving a specific job offer is valid only for the particular job opportunity . . . ."

20 C.F.R. § 656.30(c)(2). Once the Attorney General receives the application for

adjustment of status and the appropriate fee, he "may" adjust the status if the alien

"is eligible to receive an immigrant visa and is admissible," and "an immigrant visa

6

is immediately available to the alien at the time the application is filed." INA § 245(i)(2), 8 U.S.C. § 1255(i)(2). An immigrant visa cannot be issued to the alien until the labor certification is approved. INA § 203(b)(3)(C), 8 U.S.C. § 1153(b)(3)(C); INA § 212(a)(5), 8 U.S.C. § 1182(a)(5); In re H-A, 22 I & N Dec. 728, 741 (BIA 1999).

We conclude that the BIA did not abuse its discretion or commit errors of law in denying Sukhera's motion to reopen because his application for labor certification had not been approved at the time he filed his motion, and therefore, an immigrant visa was not immediately available to him.

The final point Sukhera's petition for review presents is that his removal proceedings should have been continued until his pending immigration petition for alien worker is processed. "[N]o court shall enjoin the removal of any alien pursuant to a final order [of removal] unless the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law." INA § 242(f)(2), 8 U.S.C. § 1252(f)(2); Dorelien v. U.S. Attorney Gen., 317 F.3d 1314, 1316-17 (11th Cir. 2003). Sukhera has conceded his removability and is ineligible to adjust his status. Hence, he cannot demonstrate that his removal order was "prohibited as a matter of law."

**PETITION DENIED**.