[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10987
Non-Argument Calendar
_____

Agency No. A200-849-634


MARCOS ARAUJO,
FERNANDA GOMES ARAUJO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(November 21, 2018)

Before WILSON, BRANCH, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Marcos Araujo and Fernando Gomes Araujo, proceeding pro se, seek review of the Board of Immigration Appeals' (BIA) denial of their fifth motion to reopen removal proceedings. The BIA denied the Araujos' four previous motions, and we dismissed their petitions for review for lack of jurisdiction. *See Araujo v. U.S. Att'y Gen.* (*Araujo I*), No. 13-15489, slip op. at 5 (11th Cir. Aug. 19, 2014); *Araujo v. U.S. Att'y Gen.* (*Araujo II*), No. 15-10910, slip op. at 5 (11th Cir. Sept. 24, 2015); *Araujo v. U.S. Att'y Gen.* (*Araujo III*), No. 16-10562, slip op. at 2 (11th Cir. Jan. 9, 2017); *Araujo v. U.S. Att'y Gen.* (*Araujo IV*), No. 17-12249, slip op. at 7 (11th Cir. Apr. 19, 2018). In their instant petition for review, the Araujos challenge the BIA's denial of their fifth and most recent motion to reopen and reconsider. They also challenge the BIA's order dismissing their appeal of the Immigration Judge's order of removal, and the BIA's denial of their first four motions to reopen and reconsider. To the extent that we lack jurisdiction, the Araujos' petition for review is dismissed, and is otherwise denied.

I.

The BIA's denial of motions to reconsider and motions to reopen are reviewed for abuse of discretion. *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007); *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). We are obligated, however, to review de novo the existence of subject matter jurisdiction sua sponte where it may be lacking. *Cadet v. Bulger*, 377 F.3d 1173,

2

1179 (11th Cir. 2004).  Pro se pleadings are liberally construed.  *Lorisme v. I.N.S.*, 129 F.3d 1441, 1444 n.3 (11th Cir. 1997).

The Araujos' fifth motion to reopen and reconsider is both time- and number-barred.  From the date of entry of the final order of removal, a party has thirty days to file a motion to reconsider, 8 U.S.C. § 1229a(c)(6)(B), and ninety days to file a motion to reopen, 8 U.S.C. § 1229a(c)(7)(C)(i).  Generally, a party may only file one motion to reconsider, 8 U.S.C. §1229a(c)(6)(A), and one motion to reopen, 8 U.S.C. § 1229a(c)(7)(A).

While there are exceptions to the time and number limitations, none of them apply to the Araujos' motion to reopen removal proceedings.  The limitations do not apply to motions to reopen if the party is seeking asylum and can demonstrate "changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."  8 U.S.C. § 1229a(c)(7)(C)(ii).  The BIA can reject a motion to reopen where the petitioner failed to introduce such evidence.  8 C.F.R. § 1003.23(b)(3); *Najjar v. Ashcroft*, 257 F.3d 1262, 1302 (11th Cir. 2001).  The Araujos are not seeking to reopen an application for asylum, and thus cannot take advantage of this exception.  The Araujos' motion asked the BIA to reopen its denial of their application for cancellation of removal.  Moreover, the Araujos' evidence of changed country

3

conditions in Brazil was either considered and rejected by the BIA, or was available at the time of the prior proceeding.

The Araujos filed their fifth motion to reopen, which the BIA construed as also seeking reconsideration, more than four years after the entry of the Araujos' final order of removal. The BIA thus did not abuse its discretion in denying the motion as both time- and number-barred.

## II.

We lack jurisdiction over the Araujos' other claims. First, the Attorney General may cancel the removal of a non-permanent resident who meets certain requirements, including establishing that removal would cause "exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D). But our "jurisdiction to review the BIA's discretionary decisions is limited by statute," *Jimenez-Galicia v. U.S. Att'y Gen.*, 690 F.3d 1207, 1209 (11th Cir. 2012), including the unusual hardship exception under § 1229b. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Martinez v. U.S. Att'y Gen.*, 446 F.3d 1219, 1221–23; *Guzman-Munoz v. U.S. Att'y Gen.*, 733 F.3d 1311, 1313–14 (11th Cir. 2013).

Second, although the BIA may sua sponte reopen removal proceedings at any time, we do not have jurisdiction to review the BIA's decision not to do so. 8 C.F.R. § 1003.2(a); *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1294 (11th Cir. 2008).

4

And while we "may have jurisdiction over constitutional claims related to the BIA's decision not to exercise its *sua sponte* power" to reopen, *Lenis*, 525 F.3d at 1294 n.7, the Araujos have not raised a colorable constitutional violation. *See Alhuay v. U.S. Att'y Gen.*, 661 F.3d 534, 549–50 (11th Cir. 2011). A claim of failure to receive discretionary relief, such as the grant of a motion to reopen, does not amount to a colorable due process claim. *See Sheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008).

Third, we lack jurisdiction to review of the BIA's final order of removal. "[A] petition for review must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). The statutory time limit for filing a petition for review in an immigration proceeding is mandatory, jurisdictional, and not subject to equitable tolling. *Chao Lin v. U.S. Att'y Gen.*, 677 F.3d 1043, 1045 (11th Cir. 2012). A motion to reopen and reconsider does not toll the time period to petition for review of the underlying order. *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005). We lack jurisdiction to review the final order of removal because Araujos failed to timely file a petition for review.

Fourth, to the extent that the Araujos seek review of the BIA's denial of their four prior motions to reopen and reconsider, we lack jurisdiction. Under the law of the case doctrine, "findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case." *Grayson v.*

5

*Warden, Comm'r, Ala. Dept. of Corr.*, 869 F.3d 1204, 1231 (11th Cir. 2017). We are bound by our prior dismissal of the Araujos' first four motions to reopen and reconsider. *See Araujo IV*, slip op. at 7; *Araujo III*, slip op. at 5; *Araujo II*, slip op. at 5; *Araujo I*, slip op. at 5.

Accordingly, to the extent that we lack jurisdiction, the Araujos' petition is dismissed, and is otherwise denied.

**PETITION DISMISSED IN PART, DENIED IN PART.**