[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11697
Non-Argument Calendar

_____

Agency No. A204-244-457


ALFREDO PEREZ AGUILAR,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 6, 2020)

Before WILSON, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Alfredo Perez Aguilar seeks review of the Board of Immigration Appeals's ("BIA") denial of his motion to reconsider its earlier order reversing the Immigration Judge's ("IJ") grant of cancellation of removal.  In his counseled petition for review, Perez Aguilar argues that the BIA erred when it refused to reconsider its earlier decision that applied the incorrect standard of review.  After review, we dismiss in part and deny in part Perez Aguilar's petition for review.

## I.  BACKGROUND

Perez Aguilar, a native and citizen of Mexico who conceded his removability, applied for cancellation of removal under Immigration and Nationality Act ("INA") § 240A(b)(1), 8 U.S.C. § 1229b(b)(1), based on the hardship his removal would cause his three minor U.S.-born children.  After a hearing, the IJ determined, inter alia, that Perez Aguilar had shown that his children would suffer the required "exceptional and extremely unusual hardship" required by INA § 240A(b)(1)(D), 8 U.S.C. § 1229b(b)(1)(D), if he were removed and granted Perez Aguilar's application.

The government appealed to the BIA.  In an August 2, 2018 decision, the BIA sustained the government's appeal and reversed the IJ's hardship determination.  In doing so, the BIA stated that it reviewed the IJ's findings of fact "under a 'clearly erroneous' standard" and reviewed "all other issues, including issues of law, judgment or discretion, under a de novo standard."  After discussing

2

the hardships Perez Aguilar's children would face, the BIA concluded that "these hardships would not be so uncommon or severe when compared with those experienced by other, similarly-situated, individuals that they may fairly be characterized as 'exceptional and extremely unusual' in the sense intended by Congress . . . ."

Perez Aguilar did not seek judicial review but filed a motion for reconsideration with the BIA. Perez Aguilar's motion for reconsideration argued that: (1) in its August 2, 2018 decision, the BIA had engaged in impermissible de novo review of the IJ's findings of fact, in violation of 8 C.F.R. § 1003.1; and (2) the IJ's findings of fact, if accepted, reasonably supported the IJ's conclusion that Perez Aguilar had shown the requisite hardship for cancellation of removal.

On April 3, 2019, the BIA issued its decision denying Perez Aguilar's motion for reconsideration. The BIA again stated the standard of review—clear error for the IJ's fact findings and de novo for all other issues. The BIA first noted that Perez Aguilar's motion "essentially renew[ed] the arguments made before the Immigration Judge" that the BIA had "previously considered and rejected." Next, in addressing Perez Aguilar's legal argument that it had "erred by engaging in impermissible fact finding in reversing the Immigration Judge's ultimate decision to grant the respondent's application for cancellation of removal," the BIA "disagree[d] with the respondent's characterization of [its underlying] decision as

3

engaging in fact-finding." The BIA explained that "[i]nstead, [it had] exercised [its] de novo review authority to determine whether the facts, as found by the Immigration Judge, reflect a situation that rises to the level of exceptional and extremely unusual hardship."

On May 2, 2019, Perez Aguilar filed his petition with this Court seeking review of the BIA's April 3, 2019 decision.

## II. JURISDICTION

The Attorney General has the discretion to cancel removal of a non-permanent alien who is inadmissible or removable from the United States if the alien establishes, among other requirements, that removal would result in "exceptional and extremely unusual hardship" to a qualifying relative who is a U.S. citizen or lawful permanent resident. INA § 240A(b)(1)(D), 8 U.S.C. § 1229b(b)(1)(D); Martinez v. U.S. Att'y Gen., 446 F.3d 1219, 1221 (11th Cir. 2006). This Court lacks jurisdiction to review the BIA's discretionary determinations under the INA, including the determination that an alien does not satisfy the exceptional and extremely unusual hardship standard for cancellation of removal. INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B); Martinez, 446 F.3d at 1221-22. Notwithstanding the jurisdiction-stripping provisions of INA § 242(a)(2), 8 U.S.C. § 1252(a)(2), this Court retains jurisdiction to the extent an alien's petition raises a constitutional claim or question of law. INA

4

§ 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D); see also Alvarez Acosta v. U.S. Att'y Gen., 524 F.3d 1191, 1193, 1197 (11th Cir. 2008). [1]

We ordinarily have jurisdiction to review the denial of a motion to reopen or to reconsider. See Kucana v. Holder, 558 U.S. 233, 249-53, 130 S. Ct. 827, 838-40 (2010) (concluding that INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B) does not strip courts of jurisdiction to review denials of motions to reopen or reconsider made pursuant to 8 C.F.R. § 1003.2). However, when review of the underlying order is barred by the INA's jurisdiction-stripping provisions, we also lack "jurisdiction to entertain an attack on that order mounted through" a motion to reopen or motion for reconsideration. See Patel v. U.S. Att'y Gen., 334 F.3d 1259, 1261-62 (11th Cir. 2003); see also Butalova v. U.S. Att'y Gen., 768 F.3d 1179, 1182-83 (11th Cir. 2014); Guzman-Munoz v. U.S. Att'y Gen., 733 F.3d 1311, 1314 (11th Cir. 2013).

Here, Perez Aguilar's motion sought reconsideration of the BIA's decision reversing the IJ's determination that Perez Aguilar had shown that his removal would cause his three U.S.-born children to suffer exceptional and extremely unusual hardship. Because whether Perez Aguilar had shown the requisite hardship was a discretionary decision not subject to review, we lack jurisdiction to

---

[1] This Court reviews de novo its subject matter jurisdiction over a petition for review. Martinez, 446 F.3d at 1221.

5

review the denial of Perez Aguilar's motion to reconsider that determination.  See

Martinez, 446 F.3d at 1221; Patel, 334 F.3d at 1261-62.

Perez Aguilar argues that Patel involved another subsection of 8 U.S.C.

§ 1252(a)(2)'s jurisdiction-stripping provision, namely the criminal-alien provision

of INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), rather than the discretionary-

denials provision of INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B).  Perez

Aguilar's attempts to distinguish Patel are unavailing, however, because this Court

has applied Patel to conclude INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B), bars

review of the denial of a motion to reopen a discretionary denial of cancellation of

removal.  See Guzman-Munoz, 733 F.3d at 1312, 1314 (involving special

cancellation of removal as a battered spouse under INA § 240A(b)(2), 8 U.S.C.

§ 1229b(b)(2)).

Thus, we dismiss Perez Aguilar's petition to the extent Perez Aguilar argues

that the BIA abused its discretion in refusing to reconsider its hardship

determination.

### III.  LEGAL CLAIMS

Perez Aguilar's petition claims that he raises a legal question—whether the

BIA's reconsideration ruling was correct when it said it had applied the proper

standard of review in reversing the IJ's hardship determination.  Perez Aguilar

contends that the BIA got it wrong and that, in its underlying August 2, 2018

decision, the BIA impermissibly reviewed the IJ's findings of fact de novo rather than for clear error, in violation of 8 C.F.R. § 1003.1(d)(3).  See Jeune v. U.S. Att'y Gen., 810 F.3d 792, 799 (11th Cir. 2016) (explaining that "[a]n argument that the agency applied the wrong legal standard in making a determination constitutes a legal question" which this Court has jurisdiction to review de novo).

The BIA did not err in concluding it had applied the correct standard of review in its August 2, 2018 decision.  Under 8 C.F.R. § 1003.1(d)(3), the BIA reviews factual findings for clear error and "questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges de novo."  8 C.F.R. § 1003.1(d)(3)(i)-(ii); see Zhu v. U.S. Att'y Gen., 703 F.3d 1303, 1314 (11th Cir. 2013).

The BIA's August 2, 2018 order explicitly stated the correct standard of review under § 1003.1(d)(3).  As the BIA explained in denying Perez Aguilar's reconsideration motion, the BIA had not engaged in fact-finding, but rather had "exercised [its] de novo review authority to determine whether the facts, as found by the Immigration Judge, reflect a situation that rises to the level of exceptional and extremely unusual hardship."  Accordingly, Perez Aguilar's legal claim as to the denial of his motion for reconsideration lacks merit.

Although Perez Aguilar couches his claim as one of "legal error" in the BIA's reconsideration ruling, much of his brief takes issue with the BIA's

7

underlying August 2, 2018 decision reversing the IJ's hardship determination and argues that when the facts are properly construed and weighed, it is clear that he showed the requisite hardship. Perez Aguilar essentially makes "garden-variety abuse of discretion" arguments that do not constitute a legal question over which this Court has jurisdiction. See Alvarez Acosta, 524 F.3d at 1196-67 (explaining that this Court lacks jurisdiction to review "garden-variety abuse of discretion" arguments about how the BIA weighed the facts in the record even when framed as questions of law).[2]

Perez Aguilar's brief also suggests in passing that the BIA's reconsideration ruling may have violated his procedural due process right to "fundamentally fair proceedings." Even if this brief comment were sufficient to raise the due process issue for appellate review, we would not have jurisdiction to entertain it. Perez Aguilar's due process claim is not colorable because, as Perez Aguilar concedes, he does not have a constitutionally protected interest in discretionary forms of relief. See Scheerer v. U.S. Att'y Gen., 513 F.3d 1244, 1253 (11th Cir. 2008) (concluding that because an alien has no constitutionally protected interest in

---

[2]To the extent Perez Aguilar's petition claims legal error in the BIA's underlying August 2, 2018 decision reversing the IJ, we lack jurisdiction to review this claim because Perez Aguilar's May 2, 2019 petition for review is timely only as to the BIA's April 3, 2019 denial of his motion for reconsideration. See INA § 242(b)(1), 8 U.S.C. § 1252(b)(1) (requiring the petition for review to be filed within 30 days after the date of the final order of removal); Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (concluding that statutory period for filing a petition for review is mandatory and jurisdictional and is not tolled by the filing of a motion to reopen or reconsider).

purely discretionary forms of relief, the alien cannot establish a due process violation based on the BIA's decision denying that relief); Arias v. U.S. Att'y Gen., 482 F.3d 1281, 1284 (11th Cir. 2007) (stating that for this Court to possess jurisdiction pursuant to the constitutional claim exception in INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D), the petitioner "must allege at least a colorable constitutional violation").

For all these reasons, we dismiss Perez Aguilar's petition for lack of jurisdiction to the extent he claims the BIA abused its discretion in denying his motion for reconsideration.  We deny his petition to the extent he claims the BIA committed legal error in denying his motion for reconsideration.

**PETITION DISMISSED IN PART AND DENIED IN PART.**