CORRECTED                    [PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 12-13609
Non-Argument Calendar

Agency No. A096-609-349

MARINA JAQUELINE GUZMAN-MUNOZ,
a.k.a. Marina Jacqueline Guzman-Munoz,

Petitioner,

versus

US ATTORNEY GENERAL,

Respondent.

Petition for Review of a Decision of the
Board of Immigration Appeals

Before HULL, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

CORRECTED                                           [PUBLISH]

## I.  BACKGROUND

Marina Guzman-Munoz, a native and citizen of Peru, seeks review of the Board of Immigration Appeals's (BIA) order denying her motion to reopen her removal proceedings under the Violence Against Women Act of 1994 (VAWA), Pub. L. No. 103-322, tit. IV, 108 Stat. 1902 (codified as amended in scattered sections of 8, 16, 28, and 42 U.S.C.).  Guzman-Munoz had originally sought relief under the Cuban Refugee Adjustment Act of 1966 (CAA), Pub. L. No. 89-732, 80 Stat. 1161 (codified as amended at 8 U.S.C. § 1255 note), based on her marriage to Leonardo Cruz, a Cuban national who was a lawful permanent resident.  The Immigration Judge (IJ) determined that Guzman-Munoz and Cruz were not credible, that their marriage was a sham, and ordered Guzman-Munoz's removal from the United States to Peru.

Guzman-Munoz appealed to the BIA, which affirmed the IJ's decision. Guzman-Munoz then filed a motion with the BIA to reopen her final order of removal, alleging that she was eligible for a special cancellation of removal and adjustment of status as the battered spouse of a Cuban national pursuant to VAWA. *See* 8 U.S.C. § 1229b(b)(2).  In support of her motion, Guzman-Munoz submitted: (1) bills and bank statements showing that she and Cruz lived together; (2) her signed statement alleging that Cruz insulted her, pushed her, threw a remote control at her, and forced her to have sex with him; and (3) an evaluation from a

2

CORRECTED                                    [PUBLISH]

therapist indicating that Guzman-Munoz had suffered verbal, physical, and financial abuse.

The BIA denied her motion to reopen, noting that not only had she failed to show that her marriage to Cruz was bona fide in the first place, she had also failed to demonstrate that her evidence of abuse was previously unavailable. Notwithstanding those two fatal deficiencies, the BIA continued, Guzman-Munoz's evidence failed to establish a prima facie case that she was a battered spouse or subjected to extreme cruelty under VAWA. This petition for review followed.

## II. ANALYSIS

Before we can reach the merits of Guzman-Munoz's appeal, we must determine whether we have jurisdiction over her petition in the first place. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."). We determine our subject matter jurisdiction de novo. *See Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1231 (11th Cir. 2007). Generally speaking, 8 U.S.C. § 1252(a)(1) "confers jurisdiction upon this court to review any final order of removal," and by way of implication confers "the authority to review orders denying motions to reopen any such final order." *Patel*

3

CORRECTED                                                    [PUBLISH]

*v. U.S. Att'y Gen.*, 334 F.3d 1259, 1261 (11th Cir. 2003) (internal quotation marks omitted).

That jurisdiction is limited, however, by § 1252(a)(2)(B)(i), which strips us of jurisdiction to hear discretionary agency judgments "regarding the granting of relief under section . . . 1229b," i.e., the battered spouse provisions of VAWA. *See Bedoya-Melendez v. U.S. Att'y Gen.*, 680 F.3d 1321, 1324 (11th Cir. 2012); *Martinez v. U.S. Att'y Gen.*, 446 F.3d 1219, 1222–23 (11th Cir. 2006) ("[W]e continue to lack jurisdiction over the BIA's purely discretionary decision that a petitioner did not meet § 1229b(b)(1)(D)'s . . . standard." (internal quotation marks omitted)); *see also Kucana v. Holder*, 558 U.S. 233, 247, 130 S. Ct. 827, 836–37 (2010) ("Read harmoniously, both clauses [of 8 U.S.C. § 1252(a)(2)(B)] convey that Congress barred court review of discretionary decisions only when Congress itself set out the Attorney General's discretionary authority in the statute.").

The practical import of this rule is that we do not have subject matter jurisdiction to review the BIA's determination that an alien is not a battered spouse. In *Bedoya-Melendez*, we considered the BIA's denial of a petition for cancellation of removal brought under § 1229b(b)(2). *See Bedoya-Melendez*, 680 F.3d at 1328. Because the BIA's denial rested on its discretionary determination that Bedoya-Melendez was not a battered spouse, we held that we lacked jurisdiction to review the petition. *Id.* Although our caselaw on this matter has

4

only applied § 1252(a)(2)(B)(i)'s jurisdiction-stripping provisions for battered-spouse determinations in that context, the logical—indeed, inevitable—result is to extend it to our review of a denial of a motion to reopen after a petitioner has failed to establish a prima facie case under § 1229b.[1] This makes sense, because § 1252(a)(2)(B)(i) does not speak in terms of final orders, prima facie cases, or motions to reopen. Instead, § 1252(a)(2)(B)(i) simply bars review of discretionary agency judgments granting or denying relief under § 1229b. To hold otherwise would create an end-run around our holding in *Bedoya-Melendez*, because petitioners would be able to obtain appellate-court jurisdiction simply by raising § 1229b arguments on motions to reopen. To summarize: because our jurisdiction to review denials of motions to reopen derives from our jurisdiction to review final orders of removal, *see Patel*, 335 F.3d at 1261, it follows that the jurisdiction-stripping provisions of § 1252(a)(2)(B)(i) must apply to appellate-court review of final orders of removal and to denials of motions to reopen.

In this case, the BIA made a discretionary decision when it determined that Guzman-Munoz had not established a prima facie case that she was a battered spouse or subjected to extreme cruelty under § 1229b. Therefore,

---

[1] Guzman-Munoz's reliance on our unpublished decision in *Sukhera v. U.S. Attorney General*, 139 F. App'x 153 (11th Cir. 2005) (per curiam), is misplaced, because in that case we merely held that we had jurisdiction to review the BIA's denial of a motion to reopen because the BIA had denied the motion on a *non*-discretionary basis. *See id.* at 155 (expressly noting that § 1252(a)(2)(B)(i) was not implicated because "the BIA denied the motion on the non-discretionary basis of statutory ineligibility").

CORRECTED                                    [PUBLISH]

§ 1252(a)(2)(B)(i) strips us of jurisdiction to hear Guzman-Munoz's appeal.  And although Guzman-Munoz correctly points out that we retain jurisdiction to review constitutional challenges of law, *see* 8 U.S.C. § 1252(a)(2)(D), she raises no such challenge.  An alien does not have a constitutionally protected interest in discretionary forms of relief, such as a decision to grant or deny a motion to reopen. *See Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008).  Further, to the extent that Guzman-Munoz argues that the BIA erred in finding that her evidence was not previously unavailable, any error was harmless because the BIA disposition of the case also rested on its determination that Guzman-Munoz had not established a prima facie case under § 1229b.

We conclude that we do not have jurisdiction to review the BIA's discretionary denial of Guzman-Munoz's motion to reopen, and she has raised no constitutional issue or question of law for which we do have jurisdiction.  Accordingly, we dismiss Guzman-Munoz's petition for review for lack of jurisdiction.

**PETITION DISMISSED.**

6