[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13775
Non-Argument Calendar
_____

Agency Nos. A205-675-070, A205-675-071, A205-675-072

OLGA ISABEL ROMERO DE LA OSSA,
JAIME EDUARDO PENARANDA ALVARADO,
EDUARDO ANDRES PENARANDA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 27, 2016)

Before TJOFLAT, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Olga Isabel Romero De La Ossa (Romero), Jaime Eduardo Penaranda Alvarado, and Eduardo Andres Penaranda, natives and citizens of Colombia, seek review of the Board of Immigration Appeals' (BIA) final order affirming the Immigration Judge's (IJ) denial of Romero's application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT).[1] Romero, the lead petitioner, claims she suffered past persecution in Colombia based on several incidents of mistreatment against herself and family members. Additionally, Romero asserts she established a well-founded fear of future persecution. After review,[2] we deny Romero's petition.

An applicant for asylum must meet the Immigration and Nationality Act's (INA) definition of a refugee. 8 U.S.C. § 1158(b)(1). The INA defines a refugee as a person "who is unable or unwilling to return to, and is unable or unwilling to

---

[1] As an initial matter, Romero has abandoned her withholding of removal and CAT claims by failing to raise them on appeal. *See Cole v. U.S. Att'y Gen.*, 712 F.3d 517, 530 (11th Cir. 2013).

[2] We review only the decision of the BIA, except to the extent the BIA expressly adopted the IJ's decision or explicitly agreed with the IJ's reasoning. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, because the BIA issued its own opinion but agreed with the IJ's findings, we will review both decisions. *Id.*

We review legal questions *de novo*. *Zhu v. U.S. Att'y Gen.*, 703 F.3d 1303, 1307 (11th Cir. 2013). Factual determinations are reviewed under the substantial-evidence test, which requires we "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc). To reverse factual findings, we must determine the record "compels" reversal, not merely supports a different conclusion. *Id.* at 1027.

2

avail . . . herself of the protection of" her home country due to "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1101(a)(42)(A).  Persecution "is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and . . . mere harassment does not amount to persecution."  *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (quotations and alteration omitted); *see also Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1237 (11th Cir. 2006) (holding that a death threats and threatening anonymous phone calls, without more, were merely harassment).

If the petitioner cannot demonstrate past persecution, she must demonstrate a well-founded fear of future persecution by showing a reasonable possibility she will suffer persecution if she returned to her home country.  *Mejia v. U.S. Att'y Gen.*, 498 F.3d 1253, 1256 (11th Cir. 2007).  The fear of persecution must be "subjectively genuine and objectively reasonable."  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1289 (11th Cir. 2001).  If the alleged persecution is not by the government or government-sponsored, the petitioner bears the burden of showing that she cannot avoid the persecution by relocating within her home country.  8 C.F.R. § 208.13(b)(3)(i); *Mazariegos v. U.S. Att'y Gen.*, 241 F.3d 1320, 1327 (11th Cir. 2001).  The petitioner also must show the government of her home country is

unable or unwilling to protect her. *Lopez v. U.S. Att'y Gen.*, 504 F.3d 1341, 1345 (11th Cir. 2007).

Substantial evidence supports the BIA's and IJ's denial of asylum. First, the evidence does not compel the conclusion the mistreatment Romero suffered, viewed cumulatively, rose to the level of past persecution. *See Delgado v. U.S. Att'y Gen.*, 487 F.3d 855, 861 (11th Cir. 2007) (explaining in determining whether an alien has suffered past persecution, the factfinder must consider the cumulative effect of the alleged acts). Romero alleged she received threatening phone calls, strangers followed and stalked her, and men holding weapons hit her car and threatened to kill her if she did not resign from her job. While this certainly amounts to harassment, it does not meet the "extreme" threshold level of persecution. *Sepulveda*, 401 F.3d at 1231; *see also Silva*, 448 F.3d at 1237. Even if we assume the attempted kidnapping of Romero's father and the assault on her brother are properly considered persecutory acts, these events do not constitute persecution against Romero because there was no evidence that they were done to threaten or harm Romero. *See Cendejas Rodriguez, v. U.S. Att'y Gen.*, 735 F.3d 1302, 1308 (11th Cir. 2013) (stating threats or harm to a petitioner's family member do not constitute evidence of persecution against the petitioner "where there has been no threat or harm directed against the petitioner").

Second, substantial evidence supports the BIA's and the IJ's determinations

that Romero failed to demonstrate an objectively reasonable well-founded fear of future persecution. Romero failed to show she could not avoid the persecution by relocating within Colombia. All of the events occurred within her local area, and Romero did not attempt to relocate to avoid the mistreatment. *See Mazariegos*, 241 F.3d at 1327. The evidence also supported the conclusion the Colombian government was not unable or unwilling to protect her, as Romero testified the government promptly provided her with police protection when requested, and there was no evidence that she suffered persecution while under police protection. *See Lopez*, 504 F.3d at 1345.

Although it was error for the BIA to consider the potential availability of private security in determining whether Romero's fear of future persecution was objectively reasonable, such error was harmless because the BIA's determination that Romero lacked a well-founded fear of future persecution rested on other independently sufficient bases as well. *See Guzman-Munoz v. U.S. Att'y Gen.*, 733 F.3d 1311, 1314 (11th Cir. 2013) (stating an error is harmless if the BIA's ruling also rested on an alternative determination that was not erroneous). Accordingly, we deny Romero's petition.

**PETITION DENIED.**

5