[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16634
Non-Argument Calendar
_____

Agency No. A200-859-194

CONSTANTIN AFANASIE ROTARU,
ALINA ROTARI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(August 30, 2017)

Before JULIE CARNES, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Constantin Afanasie Rotaru and his wife, Alina Rotari, seek review following the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of Rotaru's application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). Rotaru, the lead petitioner, claims that the BIA erred in failing to provide specific, cogent reasons to support its adverse credibility determination. Additionally, Rotaru argues that the BIA erred as a matter of law and fact in denying his application for asylum because he established a well-founded fear of persecution if removed to Moldova, based on past persecution on account of his political opinion. We will address each point in turn.

## I.

We review only the decision of the BIA, except to the extent that the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft,* 257 F.3d 1262, 1284 (11th Cir. 2001). Where the BIA agrees with the IJ's reasoning, we will also review the IJ's decision to that extent. *Id.* Here, the BIA did not expressly adopt the IJ's decision but agreed with the IJ's findings regarding the adverse credibility finding, as well as her ruling regarding past persecution and a well-founded fear of future persecution. Thus, we review both decisions to that extent. *See Al Najjar*, 257 F.3d at 1284.

2

To adequately raise an issue on appeal before us, the party must "specifically and clearly identif[y] it in [his] opening brief; otherwise, the claim will be deemed abandoned and its merits will not be addressed." *Cole v. U.S. Att'y Gen.*, 712 F.3d 517, 530 (11th Cir. 2013) (quotation omitted). Additionally, we lack jurisdiction to consider claims that have not been raised before the BIA. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).

On appeal from the BIA's decision, we review legal questions *de novo.* *Zhou Hua Zhu v. U.S. Att'y Gen.*, 703 F.3d 1303, 1307 (11th Cir. 2013). Factual determinations are reviewed under the substantial-evidence test, which requires us to 'view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft,* 386 F.3d 1022, 1026-27 (11th Cir. 2004) *(en banc).* We "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* at 1027 (quotation omitted). In order to reverse administrative factual findings, we must determine that the record "compels" reversal, not merely supports a different conclusion. *Id.* We have found BIA errors to be harmless if the BIA also rested its ruling on an alternative determination that was not erroneous. *Guzman-Munoz v. U.S. Att'y Gen.*, 733 F.3d 1311, 1314 (11th Cir. 2013).

Credibility determinations constitute factual findings, so they are reviewed under the substantial evidence test. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005). We "may not substitute our judgment for that of the IJ with respect to credibility findings." *Id.* (alteration and quotation omitted). The substantial evidence test does not allow us to reweigh the importance attributed to specific evidence in the record. *Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1175 (11th Cir. 2008).

Pursuant to the REAL ID Act of 2005, Pub. L. No. 109-13, § 101, 119 Stat. 302, for applications, like Rotaru's, that are filed after May 11, 2005, a credibility determination may be based on the totality of the circumstances, including: (1) the applicant's demeanor, candor, and responsiveness; (2) the plausibility of the applicant's testimony; (3) the consistency between the applicant's oral and written statements, whenever made; (4) the internal consistency of each statement; (5) the consistency of the applicant's statements with other evidence in the record; and (6) any inaccuracies or falsehoods in the applicant's statements. INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii). The inconsistencies, inaccuracies, or falsehoods need not go to the heart of the applicant's claim. *Id.*

An applicant for asylum must meet the INA's definition of a refugee. INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). The INA defines a refugee as a person "who is unable or unwilling to return to, and is unable or unwilling to avail himself . . . of

4

the protection of" his home country due to "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." INA § 101(a)(42)(A), 8 U.S.C.  § 1101 (a)(42)(A).  To establish eligibility for asylum, a petitioner must demonstrate either past persecution, or a well-founded fear of future persecution, based on a statutorily listed factor. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257(11th Cir. 2006).

If the petitioner cannot demonstrate past persecution, he must demonstrate that he has a well-founded fear of future persecution by showing that there is a reasonable possibility of him suffering persecution if he returned to his home country. *Mejia v. U.S. Att'y Gen.*, 498 F.3d 1253, 1256 (11th Cir. 2007). The fear of persecution must be "subjectively genuine and objectively reasonable." *Al Najjar*, 257 F.3d at 1289. The subjective component is typically fulfilled by credible testimony that the petitioner genuinely fears persecution, and the objective component generally can be satisfied by establishing either past persecution or that the petitioner has good reason to fear future persecution. *Id.*  If the alleged persecution is not by the government or government-sponsored, the petitioner bears the burden of showing that she cannot avoid the persecution by relocating within her home country.  8 C.F.R. § 208.13(b)(3)(i); *Mazariegos v. U.S. Att'y Gen.*, 241 F.3d 1320, 1327 (11th Cir. 2001). The petitioner also must show that the

5

government of her home country is unable or unwilling to protect her. *Lopez v. U.S. Att'y Gen.*, 504 F.3d 1341, 1345 (11th Cir. 2007).

Furthermore, "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and . . . mere harassment does not amount to persecution." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (quotations and alteration omitted); *see also Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1237 (11th Cir. 2006) (holding that death threats and threatening anonymous phone calls were merely harassment and, without more, did not qualify as persecution). Although attempted murder constitutes persecution, even where the petitioner was harmed, a minor beating does not. *See Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1174 (11th Cir. 2008) (minor beating); *De Santamaria v. U.S. Att'y Gen.*, 525 F.3d 999, 1008 (11th Cir. 2008) (attempted murder). In determining whether an alien has suffered past persecution, the factfinder must consider the cumulative effect of the alleged acts. *Delgado v. U.S. Att'y Gen.*, 487 F.3d 855, 861 (11th Cir. 2007). Threats or harm to a petitioner's family member do not constitute evidence of persecution against the petitioner "where there has been no threat or harm directed against the petitioner." *Cendejas Rodriguez*, 735 F.3d at 1308; *see also De Santamaria*, 525 F.3d at 1009 n.7 (holding that harm to another person may constitute evidence of persecution against a petitioner where the harm "concomitantly threatens the petitioner.").

6

Here, we are willing to assume, *arguendo*, that substantial evidence does not support the BIA's and IJ's adverse credibility finding.[1]  Nevertheless, we conclude that the BIA and the IJ correctly determined that, even assuming that Rotaru's testimony was credible, his asylum application was still due to be denied because he failed to show that he suffered past persecution.

Substantial evidence supports the BIA's and IJ's conclusion that Rotaru did not suffer from past persecution.  First, the evidence does not compel the conclusion that the single assault incident that Rotaru alleged rose to the level of persecution.  *See Delgado*, 487 F.3d at 861.  Rotaru alleged that he was struck from behind between his neck and right shoulder with an apparent object, and that two men began to kick him repeatedly.  He alleged that he received treatment from his family doctor, who gave him medication and prescribed bed rest.  While this incident certainly amounts to assault, the record does not compel a finding that it met the "extreme" threshold level of persecution.  *See Djonda*, 514 F.3d at 1174 (holding that a minor beating in conjunction with threats did not compel a conclusion of persecution).

---

[1]     As an initial matter, because Rotaru fails to raise any argument on appeal concerning his withholding of removal and CAT claims, he has abandoned those issues.  *See Cole*, 712 F.3d at 530.

Furthermore, because Rotaru did not satisfy his burden of showing past persecution, he was not entitled to a rebuttable presumption of a well-founded fear of future persecution.  And because Rotaru does not independently address the BIA's conclusion that he failed to show a well-founded fear of future persecution, he has abandoned any challenge to such conclusion.  *See Cole*, 712 F.3d at 530.

Accordingly, because the record does not compel reversal of the agency's determination that Rotaru failed to meet his burden of establishing eligibility for asylum, we DENY Rotaru's petition.

**DENIED**