[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13357
Non-Argument Calendar
_____

Agency No. A087-649-781


NORMA A. ESTRADA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 24, 2018)

Before TJOFLAT, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Norma Estrada petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings. We lack jurisdiction to review the BIA's decision and therefore dismiss Estrada's petition.

Estrada applied for cancellation of removal under Immigration and Nationality Act ("INA") § 240A(b)(1), 8 U.S.C. § 1229b(b)(1), which grants the Attorney General discretion to cancel a nonpermanent resident's removal if she shows that, among other things, she "has been a person of good moral character" and her "removal would result in exceptional and extremely unusual hardship" to her lawfully present child. The Immigration Judge ("IJ") denied Estrada's application, citing Estrada's lack of good moral character and failure to prove her child would suffer exceptional and extremely unusual hardship if Estrada were removed. The BIA agreed with the IJ's character determination and dismissed Estrada's appeal without reviewing the IJ's hardship determination. Estrada then moved the BIA to reopen her removal proceedings under INA § 240(c)(7)(A)–(B), 8 U.S.C. § 1229a(c)(7)(A)–(B), based on new evidence that a doctor had begun evaluating her daughter and believed her daughter might suffer from "Autism/Asperger's, ADD, Anxiety, and Dyslexia."[1] The BIA considered this

---

[1] Estrada's daughter had previously been diagnosed with "a learning disability which affected her speech and presented difficulties for her in communicating and writing." Evidence of that learning disability was presented to the IJ.

It is unclear how the pertinent evidence in this case, the daughter's pending diagnoses, relates to Estrada's good moral character.

evidence "inconclusive" because the doctor's evaluation was still in progress and accordingly denied her motion. Estrada appeals this denial, arguing that the new evidence was material to her case and could affect the outcome of her application for cancellation of removal.

Under INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B), we generally lack jurisdiction to review discretionary BIA judgments granting or denying the cancellation of removal pursuant to INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1). *Guzman-Munoz v. U.S. Attorney Gen.*, 733 F.3d 1311, 1313–14 (11th Cir. 2013). Where a jurisdiction-stripping provision deprives us of jurisdiction to entertain the appeal of a final order of removal, it also deprives us of jurisdiction to entertain an attack on that order mounted through the filing of a motion to reopen. *Id.*

Jurisdictional bar notwithstanding, we may consider constitutional claims and questions of law raised in a petition for review. INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D). Estrada, however, contends only that the BIA abused its discretion in determining that her new evidence did not warrant the reopening of her removal proceedings. A petitioner cannot create jurisdiction by framing an abuse of discretion as a constitutional claim or other question of law. *Jimenez-Galicia v. U.S. Attorney Gen.*, 690 F.3d 1207, 1210–11 (11th Cir. 2012). The cases Estrada cites that purport to hold otherwise relate neither to cancellation-of-removal decisions under INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1), nor to the

jurisdictional bar of INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B).[2]  We lack

jurisdiction to entertain Estrada's petition.

**PETITION DISMISSED.**

---

[2] *See, e.g.*, *Li v. U.S. Attorney Gen.*, 488 F.3d 1371 (11th Cir. 2007); *Abdi v. U.S. Attorney Gen.*, 430 F.3d 1148 (11th Cir. 2005).