[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13273
Non-Argument Calendar
_____

Agency No. A020-630-106

ERNESTO GIL-ALMIROLA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 22, 2020)

Before JORDAN, NEWSOM, and FAY, Circuit Judges.

PER CURIAM:

Ernesto Gil-Almirola appeals the Board of Immigration Appeals' (BIA) order denying on remand his second motion to reopen removal proceedings. He argues, in relevant part, (1) that the BIA failed to give reasoned consideration to his argument that he was not removable as an aggravated felon, as defined by the Immigration and Nationality Act (INA), 8 U.S.C. § 1101(a)(43)(F), and (2) that the BIA was not permitted to deny his statutory motion to reopen based on the discretionary determination that, in light of his serious criminal history, he was not entitled to a waiver under 8 U.S.C. § 1182(h).

We hold that the BIA did not err in not considering Gil-Almirola's challenge to his removability, and further, that the BIA was permitted to deny his petition on discretionary grounds. We therefore deny Gil-Almirola's petition.

**I**

We explained the factual and procedural history of this case in *Gil-Almirola v. U.S. Attorney General*, 750 F. App'x 859, 860–61 (11th Cir. 2018). In that opinion, we held that—in considering Gil-Almirola's second motion to reopen—the BIA did not give "reasoned consideration" to Gil-Almirola's equitable-tolling arguments and was "entirely silent on his ineffective-assistance-of-counsel contentions." *Id.* at 862. We acknowledged that "it may well be, as the government contends, that Gil-Almirola's diligence—or lack thereof—made equitable tolling inappropriate" in his case. *Id.* But because "the BIA did not rely

2

on any supposed lack of diligence in denying Gil-Almirola's second motion to reopen," we remanded to the BIA. *Id.*

On remand, the BIA decided that Gil-Almirola was not entitled to equitable tolling of the 90-day filing deadline applicable to motions to reopen because he "has not pursued his rights diligently," citing the unexplained delay between the issuance of favorable caselaw and Gil-Almirola's filing of his motion to reopen. The BIA also held, in the alternative, that "[e]ven assuming that [Gil-Almirola] established that equitable tolling of the filing deadline is warranted such that we would consider the merits of [his] motion, we conclude that [he] has not established that reopening these proceedings is merited because he has not shown that he is likely to be granted a[n] [8 U.S.C. § 1182(h)] waiver in the exercise of discretion." After balancing Gil-Almirola's "positive equities" and "significant adverse factors," the BIA "conclude[d] that the adverse factors significantly outweigh the positive equities presented such that [Gil-Almirola] has not established that a discretionary grant of a [§ 1182(h)] waiver would be warranted." The BIA also declined to exercise its sua sponte authority to reopen Gil-Almirola's removal proceedings.

Gil-Almirola appeals the BIA's decision, arguing (1) that the BIA failed to give reasoned consideration to his argument challenging his removability; (2) that the BIA cannot deny statutory motions to reopen on discretionary grounds; and (3)

3

that the BIA erred in holding that he was not entitled to equitable tolling.  As we will explain, we hold that the BIA did not err in refusing to consider Gil-Almirola's removability or in denying Gil-Almirola's motion on discretionary grounds.  Because any error in the BIA's equitable-tolling analysis is therefore harmless, we need not address Gil-Almirola's remaining arguments.

## II

We review the BIA's denial of Gil-Almirola's motion for statutory reopening of removal proceedings for an abuse of discretion, which means our "review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009).  "We review claims of legal error, however, including claims that the BIA did not provide reasoned consideration of its decision, *de novo*." *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 872 (11th Cir. 2018).  Where a petitioner challenges the BIA's nondiscretionary grounds for denying a motion to reopen, we must affirm if the BIA's decision is "based on reasoned consideration and shows that the BIA has made adequate findings to support its outcome." *Id.* at 871–72 (internal quotation marks and citation omitted).

## A

Gil-Almirola first argues that the BIA failed to meaningfully consider his argument that he is not removable.

4

This Court can "review . . . final order[s] of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."  8 U.S.C. § 1252(d)(1).  "[W]hile we are obliged to consider those issues that have been properly presented in immigration proceedings and, where necessary, appealed to the [BIA], we cannot consider issues that could have been, but were not properly raised in immigration proceedings and appealed to the BIA."  *Bing Quan Lin*, 881 F.3d at 867.  The exhaustion requirement is jurisdictional and precludes review of a claim that was not presented to the BIA.  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).  This is true even where the BIA has elected to address an issue sua sponte.  *Id.* at 1250–51.

Gil-Almirola failed to appeal from the Immigration Judge's (IJ) November 22, 2016 denial of his first motion to reopen, which concluded that he was removable.  Thus, the BIA did not err in declining to consider an argument that Gil-Almirola forfeited by not appealing earlier.  *See* 8 C.F.R. § 1003.39 (stating that "[e]xcept when certified to the [BIA], the decision of the [IJ] becomes final . . . upon expiration of the time to appeal if no appeal is taken"); *see also id.* § 1003.38(b) (stating that appeals must be filed with the BIA "within 30 calendar days after the stating of an [IJ's] oral decision or the mailing of an [IJ's] written decision").  It is also an argument that, in any event, would not be properly before us because Gil-Almirola failed to exhaust it by not appealing to the BIA.  *Amaya-*

5

*Artunduaga*, 463 F.3d at 1250 ("We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto.").

## B

Next, we consider Gil-Almirola's argument that the BIA cannot deny statutory motions to reopen on discretionary grounds.

### 1

The INA provides that an alien may file one motion to reopen "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(A), (C). We have held that the 90-day deadline is subject to equitable tolling. *Avila–Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1359 (11th Cir. 2013) (en banc). "[E]quitable tolling of a time deadline requires a showing that the litigant (1) . . . has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Bing Quan Lin*, 881 F.3d at 872 (alteration in original) (internal quotation marks and citation omitted).

We have also held that the BIA may deny a motion to reopen for at least three separate reasons: (1) "failure to establish a prima facie case"; (2) "failure to introduce evidence that was material and previously unavailable"; and (3) "a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion." *Id.* at 873 (quoting *Al Najjar v.*

6

*Ashcroft*, 257 F.3d 1262, 1302 (11th Cir. 2001)).  "The standard for granting a motion to reopen immigration proceedings is high," and the BIA has "significant discretion in deciding whether to do so."  *Id.* at 872.

"We determine our subject matter jurisdiction de novo."  *Guzman-Munoz v. U.S. Att'y Gen.*, 733 F.3d 1311, 1313 (11th Cir. 2013).  In general, we will not review a decision by the BIA if there remains an alternative holding that serves as a reason to dismiss the petition because reviewing an alternative ground would amount to rendering an advisory opinion.  *See Malu v. U.S. Att'y Gen.*, 764 F.3d 1282, 1290–91 (11th Cir. 2014).  In addition, the INA bars us from reviewing certain discretionary determinations of the BIA, including its determination of an alien's entitlement to a § 1182(h) waiver.  *See* 8 U.S.C. § 1252(a)(2)(B)(i).  Section 1182(h) gives the Attorney General the discretion to waive the immigration consequences of certain criminal convictions if a person demonstrates that his denial of admission would result in extreme hardship to a U.S. citizen family member.  *Id.* § 1182(h)(1)(B).

In *Guzman-Munoz*, we addressed the application of the jurisdiction-stripping provision of the INA, 8 U.S.C. § 1252(a)(2)(B)(i), to the BIA's discretionary denial of a motion to reopen.  733 F.3d at 1313.  Guzman-Munoz was initially ordered removed after the BIA affirmed the decision of the IJ that her marriage to lawful permanent resident and Cuban national, Leonardo Cruz, was a sham.  *Id.* at

1312.  She then filed a motion to reopen with the BIA, alleging that she was eligible for a special cancellation of removal and adjustment of status under the Violence Against Women Act (VAWA) as the battered spouse of a Cuban national; she submitted evidence of her relationship with Cruz and argued that she had suffered abuse.  *Id.* at 1312–13.  The BIA denied her motion to reopen, concluding that she failed to show that her marriage was bona fide or that the evidence of abuse had been previously unavailable.  *Id.* at 1313.  The BIA also held, alternatively, that Guzman-Munoz "failed to establish a prima facie case that she was a battered spouse or subjected to extreme cruelty under VAWA."  *Id.*

We held that "because our jurisdiction to review denials of motions to reopen derives from our jurisdiction to review final orders of removal, it follows that the jurisdiction-stripping provisions of § 1252(a)(2)(B)(i) must apply to appellate-court review of final orders of removal and to denials of motions to reopen."  *Id.* at 1314.  Therefore, because "the BIA made a discretionary decision when it determined that Guzman–Munoz had not established a prima facie case that she was a battered spouse or subjected to extreme cruelty," we lacked jurisdiction to consider her appeal under § 1252(a)(2)(B)(i).  *Id.*  For this reason, we determined that, with regard to the BIA's determination that her evidence was not previously unavailable, any error was harmless.  *Id.*

8

**2**

As an initial matter, we have jurisdiction to review Gil-Almirola's legal argument that the BIA may not, as a matter of discretion, deny statutory motions to reopen that have made an otherwise reviewable prima facie case for reopening. *See Bing Quan Lin*, 881 F.3d at 872.  Nonetheless, we reject it as lacking merit because we have repeatedly interpreted the INA as permitting the BIA to deny motions to reopen on discretionary grounds, and Gil-Almirola points to no law indicating that interpretation has been abrogated or overruled.  *See, e.g.*, *id.* at 873; *Guzman-Munoz*, 733 F.3d at 1313–14; *Al Najjar*, 257 F.3d at 1302.

Gil-Almirola has not shown that his petition can be meaningfully distinguished from the one at issue in *Guzman-Munoz*.  *See* 733 F.3d at 1313–14. Just as the petitioner in *Guzman-Munoz* sought to challenge the discretionary determination that she was not a battered spouse, which is specifically barred from our review under § 1252(a)(2)(B)(i), Gil-Almirola challenges the BIA's discretionary determination that he was not entitled to a § 1182(h) waiver, which is also specifically barred from our review.  *See* 8 U.S.C. § 1252(a)(2)(B)(i).  Thus, the BIA did not err because it was permitted to deny Gil-Almirola's petition on

discretionary grounds—specifically, that he was not entitled to discretionary relief under § 1182(h).[1]

## III

In conclusion, the BIA did not err in not considering Gil-Almirola's removability argument.  Further, the BIA permissibly denied Gil-Almirola's petition in holding that Gil-Almirola was not entitled to a discretionary § 1182(h) waiver.[2]

**PETITION DENIED.**

---

[1] As this holding is determinative of Gil-Almirola's appeal, it renders harmless any error in the BIA's alternative holding that Gil-Almirola was not entitled to equitable tolling of his second motion to reopen.  *See Guzman-Munoz*, 733 F.3d at 1314.  Therefore, we do not address Gil-Almirola's remaining arguments.

[2] Gil-Almirola does not appear to set forth a procedural due process argument, as he only asserts that he was deprived of his opportunity to be heard with respect to his statutory right to file a motion to reopen.  To the extent that he seeks to raise a procedural due process claim, it fails because a motion to reopen is a "discretionary form[] of relief [in] which there is no constitutionally protected interest."  *See Bing Quan Lin*, 881 F.3d at 868–69.