[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13941
Non-Argument Calendar

_____

Agency No. A078-960-300

LEOVEL PERAZA-PAZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 9, 2021)

Before WILSON, ROSENBAUM, and BLACK, Circuit Judges.

PER CURIAM:

Leovel Peraza-Paz seeks review of the Board of Immigration Appeals'

(BIA) order dismissing his appeal of the immigration judge's (IJ) denial of his

motion to reopen proceedings to apply for readjustment of status under the Cuban

Adjustment Act of 1966[1] (CAA) and a waiver of inadmissibility under the

Immigration and Nationality Act, 8 U.S.C. § 1182(h).  Peraza-Paz identifies

several issues in his petition for review, which we address in turn.  After review,[2]

we deny his petition.

## I.  BACKGROUND

Peraza-Paz, a native and citizen of Cuba, was paroled into the United States

in 2002, and adjusted his status to a lawful permanent resident in 2003.  In 2010,

Peraza-Paz was convicted of health care fraud, in violation of 18 U.S.C. § 1347,

sentenced to 71 months' imprisonment, and ordered to pay $2,544,854 in

restitution.

In 2014, the Department of Homeland Security served Peraza-Paz with a

notice to appear, charging him as removable under 8 U.S.C. § 1227(a)(2)(A)(iii),

---

[1] Cuban Adjustment Act of 1966, Pub. L. No. 89-732, 80 Stat. 1161 (Nov. 2, 1966).  The CAA is codified as a historical note to 8 U.S.C. § 1255.

[2] We review the denial of a motion to reopen an immigration proceeding for an abuse of discretion, under which we will only determine whether the BIA exercised its discretion arbitrarily or capriciously.  *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009).  We review only the decision of the BIA, except to the extent the BIA expressly adopts or explicitly agrees with the IJ's opinion.  *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 947–48 (11th Cir. 2010).

for being convicted of an aggravated felony involving fraud in which the loss to the victims exceeded $10,000. At Peraza-Paz's removal proceedings, the IJ instructed Peraza-Paz the IJ would determine whether he was eligible for adjustment of status or a waiver for any crime committed, and informed him of his rights to be represented by an attorney and to appeal to the BIA, which he could elect to waive. Peraza-Paz testified he was convicted of healthcare fraud, which he understood was an aggravated felony, and the IJ found the charges were established by clear and convincing evidence. Peraza-Paz also testified he was not married to a United States citizen or legal permanent resident, that neither his parents nor his grandparents were United States citizens or legal permanent residents, and he did not have United States citizen children but that he had a sister who was a United States citizen. When asked whether he accepted the IJ's decision or wished to appeal, Peraza-Paz stated he accepted the decision. The IJ ordered Peraza-Paz removed and stated Peraza-Paz had waived his right to appeal.

In April of 2019, Peraza-Paz filed a motion to reopen his proceedings based on equitable tolling. Peraza-Paz argued the reopening deadline should be equitably tolled because the IJ failed to adequately inform him of his apparent eligibility to apply for readjustment of status under the CAA with a waiver of inadmissibility. Peraza-Paz contended he was eligible at the time of his removal under the CAA and the IJ failed to adequately question him about his factual circumstances,

3

including whether he had legal permanent resident children, which deprived him of the opportunity to apply for relief. Peraza-Paz asserted the deadline of his motion to reopen should be equitably tolled because he had diligently pursued his rights since discovering the IJ's error and the IJ's failure to inform him of his eligibility for relief was an extraordinary circumstance that stood in his way.

The IJ denied his motion to reopen. The IJ found Peraza-Paz's motion was untimely because he waited more than five years after his removal order before filing it but that equitable tolling was warranted because (1) there was an extraordinary circumstance that stood in his way, namely that Peraza-Paz lacked legal training or representation and reasonably thought he was not eligible for any form of relief from removal; and (2) he exercised due diligence by retaining counsel within two weeks of learning about his potential eligibility for relief, obtaining the supporting documentation to reopen, and moving to reopen within 90 days of obtaining documentation from his Freedom of Information Act request. However, the IJ found that Peraza-Paz failed to show the initial inquiry into his circumstances at his removal proceedings was deficient because, while questions about his son's legal permanent resident status at the time of removal would have been relevant to his eligibility for a waiver, such questions would not have been relevant to his eligibility for an immigrant visa, as required by the CAA, considering that his minor child could not have petitioned for one on his behalf.

4

Moreover, the IJ found that, though Peraza-Paz indicated he had a United States citizen sister, he provided no evidence with his motion to permit the IJ to determine whether she could petition for him and there was no evidence he was eligible for an immigrant visa.

Peraza-Paz appealed the IJ's decision, and the BIA dismissed his appeal. The BIA determined equitable tolling was not warranted because Peraza-Paz did not establish he had exercised due diligence. The BIA found the IJ's finding that Peraza-Paz acted with due diligence was clearly erroneous considering that Peraza-Paz waited over four years to retain counsel to pursue relief and he had significant experience with legal proceedings, as he had previously adjusted his status to lawful permanent resident and was convicted of healthcare fraud. The BIA also found while the IJ's findings that Peraza-Paz was without legal training, was *pro se* at his removal proceedings, and was without legal representation for several years after his removal order were not clearly erroneous, Peraza-Paz's lack of legal representation or training did not constitute an extraordinary circumstance, and he did not allege he suffered from any health condition or any other circumstance that made him unable to seek counsel.

## II.  DISCUSSION

An alien generally may file a motion to reopen proceedings within 90 days of the date of an order of removal and must state the new facts that will be proven

5

at a hearing to be held if the motion is granted and be supported by affidavits or other evidentiary material. 8 U.S.C. § 1229a(c)(7)(A)–(C). The 90-day deadline for a motion to reopen proceedings is not jurisdictional and is subject to equitable tolling. *Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1362–64 (11th Cir. 2013) (*en banc*). Typically, equitable tolling of a time deadline requires a showing that (1) the litigant has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way. *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 872 (11th Cir. 2018).

## A. Due Diligence

### 1. Standard of Review

Peraza-Paz first asserts the BIA misapplied the clear error standard in finding he was not diligent in pursuing his motion to reopen. He contends the record supported a conclusion that a reasonable IJ could have found he made a case for reasonable diligence and the BIA's ruling amounted to a conclusion that it would have weighed the evidence or decided the facts differently had it been the factfinder, which it could not do.[3]

---

[3] Because our jurisdiction to review the denial of a motion to reopen derives from our jurisdiction to review final orders of removal, the jurisdiction-stripping provisions of 8 U.S.C. § 1252(a)(2), apply to review from the denial of a motion to reopen. *Guzman-Munoz v. U.S. Att'y Gen.*, 733 F.3d 1311, 1314 (11th Cir. 2013). The statute provides that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in [8 U.S.C. §] 1227(a)(2)(A)(iii)." 8 U.S.C. § 1252(a)(2)(C). However, a court of appeals may consider "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). The Supreme Court has held that "questions of law" include

We review *de novo* whether an agency applied the wrong legal standard. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016). The BIA reviews facts determined by the IJ, including findings as to the credibility of testimony, for clear error, and reviews questions of law, discretion, judgment, and all other issues in appeals from IJ decisions *de novo*. 8 C.F.R. § 1003.1(d)(3)(i), (ii). To find clear error, "the BIA must find that, on balance, the weight of the evidence so strongly militates against the IJ's finding that the BIA is left with the definite and firm conviction a mistake has been committed." *Zhou Hua Zhu v. U.S. Att'y Gen.*, 703 F.3d 1303, 1315 (11th Cir. 2013) (quotations omitted). "A factfinding may not be overturned simply because the BIA would have weighed the evidence differently or decided the facts differently had it been the factfinder." *Id.*

The BIA did not err in its application of the clear error standard to the IJ's diligence finding. The BIA found the IJ's factual findings regarding due diligence to be clearly erroneous when the IJ's findings failed to consider that Peraza-Paz waited four years to retain counsel to pursue relief. While the IJ found that Peraza-Paz had been ordered removed in 2014 and filed his motion to reopen in 2019, the IJ's due diligence finding did not explicitly consider the extent of Peraza-Paz's

---

review of the application of a legal standard to undisputed or established facts and determined that the application of the due diligence standard for equitable tolling to undisputed facts is such a question of law. *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1068 (2020). Because the facts of this case are undisputed, whether Peraza-Paz diligently pursued his rights is a question of law that this Court has jurisdiction to review. *See id.*

diligence in the intervening years, except by finding that Peraza-Paz reasonably thought he was ineligible for relief until he discovered a similarly situated person and retained counsel around May 2018. Thus, it was reasonable for the BIA to conclude the evidence of Peraza-Paz's failure to diligently pursue his rights for four years militated against the IJ's diligence finding. *See id.*

With respect to the BIA's finding that Peraza-Paz had significant legal experience from his prior adjustment to legal permanent resident status and his conviction for healthcare fraud, this was supported by the record and had a direct bearing on whether waiting four years to retain counsel demonstrated due diligence in light of that experience. Though the IJ correctly noted Peraza-Paz lacked legal training and representation at his removal proceedings, the IJ did not address that Peraza-Paz had been informed of his right to counsel, which Peraza-Paz elected not to invoke. Accordingly, the BIA did not err in applying the clear error standard and, ultimately, finding the weight of the evidence strongly militated against the IJ's due diligence findings. *See id.*

### 2. Per Se Rule

Peraza-Paz also contends the BIA applied the incorrect standard for equitable tolling by impermissibly adopting a per se rule for diligence that solely looks to the passage of time, which other circuits have rejected. He asserts that whether he was diligent should be reviewed based on the totality of the

circumstances and the BIA erred in disregarding his reasonable reliance on the IJ's colloquy regarding his eligibility for relief at his removal proceedings and how and when he decided to pursue reopening.

The BIA's finding that waiting four years to retain counsel and pursue relief did not show diligence is consistent with this Court's precedent. *See United States v. Watkins*, 880 F.3d 1221, 1226 & n.2 (11th Cir. 2018) (finding a three-year delay after eligibility of relief became available did not demonstrate due diligence). We noted that waiting over three years to seek reopening "after the means to challenge [the BIA's] order became available does not demonstrate diligence" and that the defendant had not even tried to explain the delay. *Id.* at 1226 n.2. The BIA's decision also reflected consideration of whether Peraza-Paz's prior experiences with the immigration and criminal justice systems counseled against a finding of due diligence, rather than imposing a per se rule based on the time between his removal order and his motion to reopen.

### 3. Legal Experience

Peraza-Paz also asserts the BIA erred in equating his criminal conviction with legal experience. He argues the BIA's characterization that he had significant experience with legal proceedings was nonsense because he had a mandatory regulatory right to be informed of his apparent eligibility for waiver, regardless of whether he was represented. Peraza-Paz also contends that, considering that

9

criminal law acknowledges that defendants were incapable of fairly defending their cases *pro se* and that immigration law is notoriously complex, the BIA's suggestion he was qualified in the science of law because he was once a criminal defendant was arbitrary and capricious.

The BIA's consideration of Peraza-Paz's previous experience with the immigration and criminal justice systems is not a misapplication of law or an unreasoned deviation from BIA precedent, such as to constitute an abuse of discretion, but a factual circumstance the BIA permissibly considered to weigh against a due diligence finding. *See Ferreira v. U.S. Att'y Gen.*, 714 F.3d 1240, 1243 (11th Cir. 2013) ("The BIA abuses its discretion when it misapplies the law in reaching its decision" or when it fails to follow "its own precedents without providing a reasoned explanation for doing so."). Even assuming Peraza-Paz reasonably believed he was ineligible for a waiver based on the IJ's failure to ask whether he had a child who was a legal permanent resident, the IJ did ask Peraza-Paz whether he had United States citizen children, and Peraza-Paz's son was naturalized in 2015 and his first child born in the United States was born in 2016. Peraza-Paz did not seek out and retain counsel after he had a child that was a United States citizen in 2016.

In summary, the BIA did not abuse its discretion in finding that Peraza-Paz did not diligently pursue his rights.

10

## B. Extraordinary Circumstances

Alternatively, Peraza-Paz contends the BIA erred as a matter of law because he demonstrated an extraordinary circumstance, namely that the IJ misadvised him regarding his eligibility for relief. He contends the BIA's finding his lack of legal training or representation did not constitute an extraordinary circumstance was a failure to reasonably consider his actual argument the IJ's erroneous colloquy under the apparent eligibility rule, upon which he reasonably relied, failed to afford him an opportunity to apply for relief. He also asserts the BIA erred as a matter of law because he demonstrated an extraordinary circumstance, namely that the IJ misadvised him contrary to the apparent eligibility rule.[4]

We review *de novo* legal errors, such as whether the agency failed to give reasoned consideration to an issue. *Jeune*, 810 F.3d at 799. The BIA "does not give reasoned consideration to a claim when it misstates the contents of the record,

---

[4] To the extent the Government contends Peraza-Paz failed to exhaust the issue regarding the IJ's alleged error of misadvising him of his eligibility for relief at his removal proceedings by failing to raise it to the BIA, the IJ specifically found that equitable tolling was warranted for Peraza-Paz's motion to reopen, in part, because he reasonably thought he was ineligible for relief, which Peraza-Paz argued was due to the IJ's error at the removal proceedings. In his appeal to the BIA, Peraza-Paz espoused without further argument the IJ's equitable tolling finding, an issue on which he had won, but challenged the IJ's decision regarding his eligibility under the CAA, an issue on which he had lost. By espousing the IJ's equitable tolling finding, Peraza-Paz argued the core issue on appeal before the BIA, providing information sufficient to enable the BIA to review and correct any errors below and should not be faulted for not raising more of an argument in support of the issue on which he had already won.

11

fails to adequately explain its rejection of logical conclusions, or provides justifications for its decision which are unreasonable and which do not respond to any arguments in the record." *Id*. at 803.

We have stated that there is no material distinction between the "exceptional circumstances" as defined in 8 U.S.C. § 1229a(e)(1), and the "extraordinary circumstance" requirement for equitable tolling. *Avila-Santoya*, 713 F.3d at 1363 n.5. The statute provides:

> The term "exceptional circumstances" refers to exceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien.

8 U.S.C. § 1229a(e)(1).

The BIA did not misstate the contents of the record, fail to adequately explain its rejection of logical conclusions, or provide unreasonable or wholly unresponsive justifications. *See Jeune*, 810 F.3d at 799. While it accepted the IJ's factual findings that Peraza-Paz lacked legal training and representation as not clearly erroneous, the BIA did respond to the IJ's finding that such lack of legal training and representation constituted an extraordinary circumstance to warrant equitable tolling by rejecting that argument. Considering that Peraza-Paz's lack of legal experience bore on his reliance on the IJ's alleged error at his removal

proceedings, the BIA's decision was responsive, at least in part, to the arguments in favor of the extraordinary circumstances prong of equitable tolling.

Moreover, the BIA's finding was not an abuse of discretion. This Court has stated there is no material distinction between the "exceptional circumstances" as defined in 8 U.S.C. § 1229a(e)(1), and the "extraordinary circumstance" requirement for equitable tolling. While Peraza-Paz's lack of legal training can arguably be considered beyond his control, Peraza-Paz does not argue his lack of representation at his removal proceedings was beyond his control, and the record shows he had been clearly informed of his right to counsel, which he elected not to invoke. 8 U.S.C. § 1229a(e)(1). While the IJ's failure to ask whether he had a child who was a legal permanent resident was beyond Peraza-Paz's control, such failure and his reliance on the IJ's ineligibility finding were not circumstances equal to or more compelling than "battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien" that prevented him from pursuing relief. *Id.*

## III. CONCLUSION

The BIA did not abuse its discretion in finding that equitable tolling of the time bar was not warranted because it did not err in finding that Peraza-Paz did not diligently pursue his rights between being ordered removed in 2014 and retaining

13

counsel in 2018 and that extraordinary circumstances did not stand in his way, as he did not establish a circumstance beyond his control that made him unable to retain counsel during and after his removal proceedings. [5]   Accordingly, we deny his petition.

**PETITION DENIED.**

---

[5] Peraza-Paz asserts he was eligible for readjustment of status under the CAA.  However, because this Court reviews only the decision of the BIA, except the extent the BIA expressly adopts or explicitly agrees with the IJ's opinion, the issue of Peraza-Paz's eligibility for readjustment of status under the CAA, which the IJ addressed, is not properly before this Court for review because the BIA did not consider or otherwise base its decision on that issue.  *See Ayala*, 605 F.3d at 947–48.

14