[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10272

Non-Argument Calendar

_____

OLADOTUN AKINADEWO,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A216-604-304

_____

Before WILSON, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Oladotun Akinadewo, proceeding *pro se*, seeks review of the Board of Immigration Appeals's final order affirming the immigration judge's denial of his claim for special rule cancellation of removal under the Violence Against Women Act. 8 U.S.C. § 1229b(b)(2)(A). As explained below, we lack jurisdiction to consider the Board's denial of relief. Accordingly, the petition for review is denied.

## I.

Akinadewo, a native and citizen of Nigeria, was admitted to the United States on February 8, 2017, as a non-immigrant visitor with authorization to remain in the United States until August 7, 2017. In July 2017, Akinadewo married Marietta McDaniel, a United States citizen. According to Akinadewo, McDaniel was abusive towards him throughout their relationship resulting in their divorce in June of 2018. A month later, he married Jhanisha Gatson, also a United States citizen.

In April 2019, the Department of Homeland Security served Akinadewo with a Notice to Appear, charging him with removability under 8 U.S.C. § 1227(a)(1)(B) as a noncitizen who remained in the United States for a time longer than permitted by his nonimmigrant visa. At a hearing on August 27, 2019, Akinadewo, proceeding with counsel, admitted the charges in the NTA and

21-10272               Opinion of the Court                    3

conceded removability. Akinadewo stated that he planned to adjust his status. The immigration judge found him removable as charged.

On March 16, 2020, Akinadewo filed for special rule cancellation of removal under the Violence Against Women Act, 8 U.S.C. § 1229b. In his brief before the immigration judge, Akinadewo stated that he met the statutory requirements for relief because he was subjected to battery and extreme cruelty by McDaniel, had been continuously physically present in the United States for three years, was a person of good moral character, was not inadmissible, and would suffer extreme hardship if removed to Nigeria. The immigration judge denied Akinadewo's application, concluding that he was "not credible" because his "testimony lacked sufficient details and corroborative evidence that should have been reasonably available but was not provided." The immigration judge found that Akinadewo failed to provide any police reports, court documents, medical documents, letters from clergy, photos of his marriage, photos of his injuries, a property lease, or banking documents. He also noted that Akinadewo did not submit affidavits from others who knew of his abuse and had no plausible reason for this evidentiary failure. Moreover, the immigration judge pointed out that the one affidavit Akinadewo produced was from someone associated with his church, who stated that Akinadewo was a good person but said nothing about the alleged abuse. Finally, the immigration judge explained that "a denial of relief . . . can be supported solely

by an adverse credibility determination[,] especially if the alien fails to produce corroborative evidence." Akinadewo timely appealed.

Before the Board, Akinadewo argued that his testimony was "responsive, consistent and plausible" and that the facts alleged in his own testimony were sufficient to meet his burden of proof. Akinadewo argued that "lack of police reports or medical documents should not discredit consistent testimony." The Board dismissed Akinadewo's appeal, concluding that even if his testimony was credible, the immigration judge correctly determined that the corroborating evidence he submitted was insufficient to satisfy his burden of proof, a finding that Akinadewo failed to meaningfully challenge.

## II.

We review only the decision of the Board, except to the extent that it expressly adopts or explicitly agrees with the immigration judge's opinion. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 947–948 (11th Cir. 2010). When the Board issues an opinion that relies on an immigration judge's decision and reasoning without expressly adopting the opinion, we review the immigration judge's opinion to the extent that the Board finds that its reasons were supported by the record and review the Board's decision with regard to those matters on which it rendered its own opinion and reasoning. *See Seck v. U.S. Att'y Gen.*, 663 F.3d 1356, 1364 (11th Cir. 2011).

### III.

As an initial matter, Akinadewo makes several arguments not raised before the Board, including assertions that the immigration judge erred by: (1) misapplying the Violence Against Women Act's self-petition rules to his application for cancellation of removal; (2) sending him two different summary orders; and (3) reading only the front pages of his evidentiary submissions. He also claims that the change in immigration judges between his hearings was an attempt to frustrate him from pursuing his case, that the transcripts from his merits hearing were altered to make him look not credible; and that both the immigration judge and the Board erred in construing the Violence Against Women Act as only providing relief for women. Because Akinadewo failed to raise these claims before the Board, we lack jurisdiction to review them. *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) ("We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto."); 8 U.S.C. § 1252(d)(1).

And Akinadewo has similarly abandoned the claim, made for the first time in his reply brief, that any failure to properly exhaust was due to the immigration judge's refusal to grant additional time and his attorney's ineffectiveness. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[W]e do not address arguments raised for the first time [even] in a pro se litigant's reply brief.").

6                    Opinion of the Court                    21-10272

We also lack jurisdiction to review the Board's discretionary decisions under Section 1229b, except to the extent that such review involves constitutional claims or questions of law. *Bedoya-Melendez v. United States Att'y Gen.*, 680 F.3d 1321, 1324 (11th Cir. 2012); INA § 242(a)(2)(B)(i), (D), 8 U.S.C. § 1252(a)(2)(B)(i), (D); *see also Guzman-Munoz v. U.S. Att'y Gen.*, 733 F.3d 1311, 1313 (11th Cir. 2013) ("[W]e do not have subject matter jurisdiction to review the [Board's] determination that an alien is not a battered spouse.").

Here, Akinadewo reiterates his arguments before the immigration judge and the Board, including that he is credible and "a victim of extreme spousal cruelty." He argues that the immigration judge's decision "fell short of the reality of [his] factual circumstances" and is "full of defects that are at variance with [his] testimony and declarations." Even liberally construing his brief, such assertions do not raise a colorable constitutional claim or question of law. And even if Akinadewo had raised a colorable claim in his reply brief, that claim is abandoned. *Timson*, 518 F.3d at 874. Thus, we lack jurisdiction to review the Board's denial of Akinadewo's Section 1229b claim for relief. *Bedoya-Melendez,* 680 F.3d at 1324.

**PETITION DENIED.**